IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREI GLICKSTEIN                                                    PETITIONER

V.                                                    Cause No. 5:25-cv-00104-DCB-BWR

WARDEN, *Louisiana ICE Processing*                        RESPONDENT
*Center*

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed pro se by Andrei Glickstein and Respondent's Motion to Dismiss [14] because "no custodian within the territorial jurisdiction of the Southern District of Mississippi has been named as a respondent or served with process." Resp't Mot. [14] at 1. Petitioner was ordered to respond to the Motion to Dismiss by March 20, 2026 and did not. The Petition should be dismissed due to Petitioner's failure to prosecute and obey the Court's Order [16] to file a response to Respondent's Motion to Dismiss.

I. BACKGROUND

Petitioner is a native of the Union of the Soviet Socialist Republic who entered the United States illegally in 1989. Pet'r Mem. [3] at 4. On August 18, 2003, an immigration judge ordered that Petitioner be removed from the United States, and Petitioner did not appeal that decision to the Board of Immigration Appeals. *Id.* at 3-4. Petitioner was placed on supervised release. *Id.* at 5. On May 17, 2025, he was taken into custody for removal. Pet. [1] at 4.

On October 8, 2025, Petitioner filed his § 2241 Petition in this Court seeking immediate release from U.S. Immigration and Customs Enforcement (ICE) custody.

*Id.* at 7. At the time he filed the Petition, Petitioner was housed at the Adams County Detention Center in Natchez, Mississippi. Resp't Mem. [15] at 2. After he filed the Petition, Petitioner was transferred to a detention center in Angola, Louisiana. *Id.* "Angola is outside of the confines of the Southern District of Mississippi. The only respondent named in Glickstein's petition is in Angola." *Id.*

On February 13, 2026, Respondent filed a Motion to Dismiss asserting that the Petition should be dismissed because Petitioner did not name a custodian within the Southern District of Mississippi as a respondent. Resp't Mot. [14] at 1-2. When Petitioner did not respond to the Motion to Dismiss, an Order to Show Cause issued on March 5, 2026, requiring him to file a response to the Motion to Dismiss on or before March 20, 2026. Order [16] at 1-2. The Order to Show Cause warned Petitioner that if he failed to file a timely response, the Petition could be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an action *sua sponte*, *Link v. Wabash R.R.,* 370 U.S. 626, 629-30 (1962).

The Court may take judicial notice that Petitioner filed a new § 2241 habeas petition in the Middle District of Louisiana on March 3, 2026. *See Glickstein v. U.S. Immigration and Customs Enforcement et al.,* 3:26-cv-230-SDD-SDJ (M.D. La. Mar. 3, 2026). Petitioner is pursuing habeas relief in the Middle District of Louisiana and is apparently no longer interested in pursuing habeas relief in this Court. The Petition should be dismissed under Rule 41(b) and the Court's inherent authority due

2

to Petitioner's failure to prosecute and obey the Court's Order to file a response to the Motion to Dismiss on or before March 20, 2026.

## III. RECOMMENDATION

It is recommended that the Petition be dismissed without prejudice for failure to prosecute and obey the Court's Order [16].

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other*

*grounds,* 28 U.S.C. § 636(b)(1).

      **SIGNED,** this the 7th day of April 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE